UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| KARAESE SMITH, individually and on behalf of similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> PJ CHEESE, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

Plaintiff Karaese Smith, individually and on behalf of similarly situated persons, for her Complaint against Defendant PJ Cheese, Inc., alleges as follows:

1. Defendant operates about 124 Papa John's stores in Alabama, Mississippi, Tennessee, Texas and Virginia. Defendant's restaurants employ delivery drivers who use their own automobiles to deliver pizza and other food items to customers. Instead of reimbursing delivery drivers for the reasonably approximate cost of the business use of their vehicles, Defendant uses a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage rate during some

or all workweeks (nominal wages – unreimbursed vehicle costs = subminimum net wages).

2. Plaintiff brings this case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on behalf of herself and other similarly situated delivery drivers to recover unpaid minimum wages.

3. On February 2, 2019, Plaintiff filed an arbitration claim with the American Arbitration Association ("AAA"). On May 20, 2018, the AAA terminated that arbitration due to Defendant's refusal and failure to pay its arbitration fees. Thereby, Defendant waived its right to arbitrate and waived all other rights under that arbitration agreement, and therefore Plaintiff may litigate in this Court. This is not Defendant's first time doing so. Defendant and its affiliated companies previously waived their right to arbitrate by failing and refusing to pay their arbitration fees to AAA. *Sullivan v. PJ United, et al.*, 2016 U.S. Dist. LEXIS 117841 (N.D. Ala. Aug. 10); *see also Sullivan v. PJ United*, 2017 U.S. 23398, *7 (N.D. Ala. Feb. 13).

## JURISDICTION AND VENUE

4. The FLSA authorizes actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal jurisdiction).

5. Venue in this District is proper under 28 U.S.C. § 1391(b)(1) and (2) because Defendant operates Papa John's stores in this District, Defendant employed Plaintiff

Smith and other delivery drivers within this District, and a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

6. Defendant PJ Cheese, Inc. is an Alabama corporation headquartered in Birmingham, Alabama.

7. Plaintiff Karaese Smith was employed by Defendant from approximately August 2011 to May 2014 as a delivery driver at its Papa John's restaurant located at 736 Montgomery Highway, Vestavia, Alabama 35216.

## PRIOR CLAIMS AND TOLLING

8. Plaintiff Smith originally filed a consent to join an arbitration action titled *Sullivan v. PJ United, et al.* That consent was timely filed and it tolled her statute of limitations. Unfortunately, Defendant and its affiliates refused and failed to pay their arbitration fees in *Sullivan*, resulting in termination of that arbitration proceeding. Thereafter, this District reopened *Sullivan* because of Defendant's refusal and failure to pay arbitration fees. Ms. Smith's claim was dismissed without prejudice from that action and she re-filed her claim in arbitration within a reasonable time period. That second arbitration was titled *Smith v. PJ Cheese, Inc.* However, Defendant again refused and failed to pay its arbitration fees in the *Smith* arbitration. Thereby, Defendant has again waived its right to arbitrate, and all other rights under its

arbitration agreement. Meanwhile, based on these events, Plaintiff's statute of limitations has been tolled since filing of her consent to join the *Sullivan* arbitration.

## GENERAL ALLEGATIONS

*Defendant's Business*

9. Defendant owns and operates approximately 124 Papa John's franchise stores in Alabama, Mississippi, Tennessee, Texas and Virginia, including stores in this District.

10. The primary function of Defendant's Papa John's restaurants is to sell pizza and other food items to customers, whether they carry out the food or have it delivered.

11. Defendant's restaurants employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendant's Flawed Reimbursement Policy*

12. Defendant required Plaintiff and other similarly situated delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

13. Plaintiff and similarly situated delivery drivers incurred costs for gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile

insurance, and depreciation ("automobile expenses") while delivering pizzas for the primary benefit of Defendants.

14. Despite the relative ease of tracking actual miles driven by its drivers, Defendant does not do so. Instead, Defendant reimburses Plaintiff and its other delivery drivers using a set amount for each delivery, regardless of length. This method underestimated the automobile expenses incurred by Plaintiff and the other delivery drivers.

15. The net result of Defendant's delivery driver reimbursement policy is a reimbursement of much less than the reasonably approximated automobile expenses of Plaintiff and other similarly situated delivery drivers.

16. During Plaintiff Smith's recovery period, the IRS business mileage reimbursement rate ranged between $.56 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the American Automobile Association ("AAA"), have determined that the composite average cost of owning and operating a vehicle ranged between $.592 and $.608 per mile during the same period for drivers who drive a sedan approximately 15,000 miles per year. These figures reasonably approximate the average cost of owning and operating a vehicle for use in delivering pizzas.

17. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher repair costs, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Plaintiff experienced lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

18. Defendant's reimbursement policy did not reimburse Plaintiff and other similarly situated delivery drivers for even her ongoing out-of-pocket expenses, much less other costs she incurred to own and operate her vehicle, and thus Defendant uniformly failed to reimburse them at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

19. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it paid to Plaintiff and other similarly situated delivery drivers were not paid free and clear of all outstanding obligations to Defendant.

20. Defendant failed to reasonably approximate the amount of its delivery drivers' automobile expenses to such an extent that their net wages were diminished beneath the federal minimum wage.

21. In sum, Defendant's reimbursement policy and methodology failed to reflect the realities of delivery drivers' automobile expenses.

*Defendant's Failure to Reimburse Automobile Expenses Causes Minimum Wage Violations*

22. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula always resulted in an unreasonable underestimation of its delivery drivers' automobile expenses, including Plaintiff, thereby causing systemic violations of the federal minimum wage.

23. To illustrate, Defendant nominally paid Plaintiff Smith $7.25 per hour (before subtracting unreimbursed vehicle costs), including a tip credit applied to the time she performed deliveries.

24. During her employment, Defendant reimbursed Plaintiff at a rate of about $1.20 per delivery.

25. Throughout her employment with Defendant, Plaintiff Smith experienced an average round-trip delivery distance of around 5 miles.

26. Thus, Defendant's average effective reimbursement rate for Plaintiff Smith was approximately $.24 per mile ($1.20 per delivery / 5 miles per delivery) or less.

27. During Plaintiff Smith's recovery period, the IRS business mileage reimbursement rate ranged from $.56 to $.565 per mile, which reasonably

approximated the automobile expenses incurred delivering pizzas. Using the lowest IRS rate as a reasonable approximation of Plaintiff Smith's automobile expenses, every mile driven on the job decreased her net wages by approximately $.32 per mile ($.56 - $.24). Considering a conservative estimate of about 5 miles per delivery, Defendants under-reimbursed her about $1.60 per delivery ($.32 x 5 miles).

28. During her employment by Defendants, Plaintiff Smith typically averaged approximately 2 deliveries per hour.

29. Thus, using the IRS rate as a reasonable estimate of Plaintiff Smith's actual expenses, Plaintiff Smith "kicked back" to Defendants approximately $3.20 per hour ($1.60 per delivery x 2 deliveries per hour), for a sub-minimum net wage rate of about $4.05 ($7.25 - $3.20 "kickback").

30. Because Plaintiff and other similarly situated drivers were paid at, or close to, the applicable minimum wage, the amount of this "kickback" represents the amount below minimum wage that Defendant paid Plaintiff and other similarly situated delivery drivers in violation of the FLSA.

31. All of Defendant's delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or close to the minimum wage before deducting unreimbursed business expenses.

32. Because Defendant paid its drivers a gross hourly wage exactly at, or very close to, the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the amount Defendant's delivery drivers "kicked back" to Defendant constituted minimum wage violations.

33. While the amount of Defendant's actual reimbursements per delivery vary over time, the amount of under-reimbursements relative to automobile costs incurred are relatively consistent over time.

34. While the reimbursement amounts may vary by state or region, the amount of under-reimbursements relative to automobile costs incurred are relatively consistent between state or region.

35. Many of Defendant's delivery drivers, including Plaintiff, complained about Defendant's low reimbursement rates and Defendant has faced prior similar claims, yet Defendant refused to reimburse to reasonably approximate delivery drivers' automobile expenses.

36. The net effect of Defendant's flawed reimbursement policy is that it willfully fails to pay the federal minimum wage to Plaintiff and its other delivery drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

## Collective Allegations

37. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers who opt-in to this case pursuant to 29 U.S.C. § 216(b).

38. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action by regular mail.

39. Plaintiff and all of Defendant's delivery drivers are similarly situated in that:

   a. They worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

   b. They delivered pizza and food items using automobiles not owned or maintained by Defendant;

   c. Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition to use in delivering Defendant's pizzas and other food items;

   d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

  e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

  f. They were subject to the same pay policies and practices of Defendant;

  g. They were subject to the same delivery driver reimbursement policy that systematically deprived them of reasonably approximate reimbursements, resulting in their wages falling below the federal minimum wage in some or all workweeks;

  h. They were reimbursed for automobile expenses at similar set amounts per delivery; and

  i. They were paid at or close to the applicable minimum wage before deducting unreimbursed business expenses.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

30. Plaintiff reasserts and re-alleges the allegations set forth above.

31. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

32. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations, but none of the FLSA exemptions apply to Plaintiff or Defendant's other delivery drivers.

33. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

34. Defendant is subject to the FLSA's minimum wage requirements because it, by itself and further through its parent and affiliated companies, is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

35. Pursuant to Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

36. As alleged herein, Defendant reimbursed Plaintiff and its other similarly situated delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminished their wages beneath the federal minimum wage.

37. Defendant knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate its delivery drivers, including Plaintiff, at the federal minimum wage.

38. Defendant, pursuant to its policy, practice, and methodology, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated delivery drivers.

39. Plaintiff and other similarly situated delivery drivers are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date of this filing because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

40. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions did not violate the FLSA, and as a result, Plaintiff and other similarly situated delivery drivers are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Arbitrator find Defendant did not act willfully in failing to pay minimum wage, Plaintiff and other similarly situated delivery drivers are entitled to an award of prejudgment interest at the applicable legal rate.

41. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and other similarly situated delivery drivers. Accordingly, Defendant is liable to them under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff demands judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Date: April 11, 2018                    Respectfully submitted,


/s/ *Brandy Robertson*
Brandy Robertson (ASB-2737-D65R)
William L. Bross (ASB-9703-071W)
W. Lewis Garrison, Jr. (ASB-3591-N74W)
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, AL  35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332
brobertson@hgdlawfirm.com
william@hgdlawfirm.com
lewis@hgdlawfirm.com


*ATTORNEYS FOR PLAINTIFFS*

Of Counsel and Requesting Admission Pro Hac Vice:


Mark A. Potashnick
WEINHAUS & POTASHNICK
11500 Olive Blvd., Suite 133

St. Louis, Missouri  63141
Telephone:    (314) 997-9150
Facsimile:    (314) 997-9170

Richard M. Paul III
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone:    (816) 984-8100
Facsimile:    (816) 984-8101
Rick@PaulLLP.com

*ATTORNEYS FOR PLAINTIFFS*