FILED
2018 Jun-28 PM 12:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| KARAESE SMITH, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| v. ) | 7:18-cv-00582-LSC |
| ) | |
| PJ Cheese, Inc. ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO RICHARD C. DAY COMPLAINT

PJ Cheese, Inc. ("PJ Cheese") answers Plaintiff Richard C. Day's ("Day") Complaint for Damages (Doc. 1) as follows:

1. Denied.
2. PJ Cheese admits that the face of the Complaint for Damages reflects that Karaese Smith brings suit as an FLSA collective action.
3. PJ Cheese admits on information and belief that Smith filed a demand for individual arbitration with the American Arbitration Association ("AAA") and that Smith paid an initial filing fee to the AA in conjunction with her demand for individual arbitration. PJ Cheese denies that it failed to pay any fee that it was required to pay by virtue of its private arbitration contract with Smith. PJ Cheese denies that it waived its right to arbitrate with Smith as Smith alleges.
4. The FLSA speaks for itself.
5. PJ Cheese does not challenge venue.
6. PJ Cheese admits that it is an Alabama corporation with offices in Birmingham, Alabama.
7. PJ Cheese admits that it employed Day.



8. Denied.

9. Admitted.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. The per-delivery rate speaks for itself.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. PJ Cheese admits that the face of the Complaint for Damages reflects that Smith brings suit as an FLSA collective action.

38. Denied.

39. Denied.

PJ Cheese answers the non-sequentially numbered paragraphs in the Complaint for Damages under the heading "Count I: Violation of the Fair Labor Standard Act of 1938" as follows:

30. PJ Cheese adopts its responses set forth above.

31. Denied.

32. The FLSA speaks for itself.

33. The FLSA speaks for itself.

34. Defendant admits that it is subject to the FLSA.

35. The FLSA speaks for itself.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

PJ Cheese denies any adverse material averment set forth in Day's Complaint for Damages not herein specifically admitted.

PJ Cheese denies that any party plaintiff in this civil action is entitled to any relief.

Affirmative Defenses

1. Some or all the claims brought or sought to be brought are barred by the applicable statute of limitations.

2. PJ Cheese asserts the defense afforded by Section 10 of the Portal to Portal Act as to liability.

3. PJ Cheese asserts the defense afforded by Section 11 of the Portal to Portal Act as to liquidated damages.

4. PJ Cheese asserts the FLSA's *de mininimis* defense with regards to each workweek worked by each Plaintiff during the statutory recovery period to the extent the factfinder finds that Day received wages at a rate below the FLSA minimum wage.

                                                       */s/ William K. Hancock*

                                                            William K. Hancock
                                                            *Attorney for Defendant*

**OF COUNSEL:**
GALLOWAY, SCOTT, MOSS & HANCOCK, LLC
2200 Woodcrest Place, Suite 310
Birmingham, AL 35209
205.949.5580
205.949.5581 fax
will.hancock@gallowayscott.com

## **CERTIFICATE OF SERVICE**

   I hereby certify to the best of my knowledge that notice of filing will be sent to those who are registered participants in the ecf system, including as follows:

Brandy Robertson
William L. Bross
W. Lewis Garrison, Jr.
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, AL 35203

Mark A. Potashnick
WEINHAUS & POTASHNICK
11500 Olive Blvd, Suite 133
St. Louis, Missouri 63141

Richard M. Paul III
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106

            */s/ William K. Hancock*
              OF COUNSEL